UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEIDI PITT, and
ALAN ANGRY,

        Plaintiffs,                      Case No. 20-CV-13021
                                                  Hon. Thomas L. Ludington
v.                                                  Magistrate Patricia T. Morris

TOWNSHIP OF LEE, and
TIM SMITH,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE, DIRECTING PARTIES TO MEET AND CONFER, AND DIRECTING DEFENDANTS TO AMEND THEIR AFFIRMATIVE DEFENSES**

On November 12, 2020, Plaintiffs Heidi Pitt and Alan Angry filed a complaint against Defendants Township of Lee and Tim Smith, the Lee Township Code Enforcement Officer, in his official and personal capacities. ECF No. 1. Plaintiffs bring action under 42 U.S.C. § 1983 and allege that Defendants' enforcement of a zoning ordinance violated the First and Fourteenth Amendments to the United States Constitution. *Id.* at PageID.5–7. Defendants filed their Answer and Affirmative Defenses on December 2, 2020. ECF No. 7. Two days later, Plaintiffs moved to strike the Affirmative Defenses under Federal Rule of Civil Procedure 12(f). ECF No. 9. Defendants filed an amended answer on December 16, 2020, reducing the number of affirmative defenses from 31 to 29. ECF No. 10. Timely response and reply briefs were also filed. ECF Nos. 11, 12. For the reasons stated below, Plaintiffs' Motion to Strike Defendants' Affirmative Defenses will be denied, the parties will be directed to meet and confer, and Defendants will be directed to amend their affirmative defenses in a manner jointly agreeable to the parties.

**I.**

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Id.* (internal quotation marks omitted). "Although [m]otions to strike are viewed with disfavor, such motions are properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (internal quotation marks omitted). "However, a motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Adams v. Hyman Lippitt, P.C.*, No. 05-72171, 2005 WL 3556196, at *21 (E.D. Mich. Dec. 29, 2005) (internal quotation marks omitted).

**II.**

A defendant may respond to a complaint in several manners. She may move to dismiss the complaint for lack of jurisdiction or some other legal defect. *See* Fed. R. Civ. P. 12(b). She may deny the complaint's factual allegations and thereby refute the plaintiff's prima facie case. *See* Fed. R. Civ. P. 8(b). She may also raise certain affirmative defenses—the sort of defenses which "rais[e] matters outside the scope of plaintiff's prima facie case." *Instituto Nacional de Comercializacion Agricola v. Cont. Ill. Nat'l. Bank & Trust Co.*, 576 F.Supp. 985, 991 (N.D. Ill. 1983) (quotations omitted). Indeed, courts define "affirmative defense" as an "assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the

allegations in the complaint are true." *Desai v. Charter Commc'ns*, LLC, 381 F. Supp. 3d 774, 791 (W.D. Ky. 2019) (quoting *Affirmative Defense*, Black's Law Dictionary (10th ed. 2014)). "The burden of proving an affirmative defense by a preponderance of the credible evidence is on the party asserting the defense." *See Martin v. Weaver*, 666 F.2d 1013, 1019 (6th Cir. 1981). Rule 8(c) governs the pleading of affirmative defenses. It states,

> In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

Fed. R. Civ. P. 8(c)(1).

### III.

In this case, Defendants decided to file an answer in lieu of a motion under Rule 12(b). ECF No. 7. In addition to the usual factual denials, the Answer contained 31 affirmative defenses. *Id.* The Amended Answer, filed shortly after Plaintiffs' moved to strike, reduced that number to 29. ECF No. 10.

Plaintiffs argue that all 29 affirmative defenses fail to meet the heightened pleading standard of *Twombly* and *Iqbal* and must therefore be stricken. The *Twombly*/*Iqbal* standard is ordinarily applied when testing the sufficiency of a complaint under Rule 12(b)(6). In essence, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Thus, the burden set by *Twombly*/*Iqbal* exceeds the usual "fair notice" standard imposed on affirmative defenses. *See Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) ("An

affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.") (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.)).

To support the application of a heightened pleading standard, Plaintiffs rely on *Taylor v. City of Saginaw*, No. 17-CV-11067, 2020 WL 376453 (E.D. Mich. Jan. 23, 2020), where this Court applied *Twombly/Iqbal* to strike several affirmative defenses. *Taylor* should not be extended here. The affirmative defenses at issue in *Taylor* were filed more than two years after the start of litigation—after threshold legal questions had been briefed, the case dismissed, and the matter returned to this Court on remand from the Sixth Circuit. *Id.* at *1–2. In contrast, the value of imposing a reciprocal standard of pleading is dubious where, as here, the legal sufficiency of the Complaint has yet to be tested and the litigation is barely three months old. Accordingly, Defendants' affirmative defenses are better judged under the fair notice standard, which has been applied in this district since *Taylor* was decided. *See Bambach v. Lapeer Cty.*, No. 18-14039, 2020 WL 2812758, at *12–13 (E.D. Mich. May 29, 2020) (declining to apply *Twombly/Iqbal* and finding fair notice pleading standard "most appropriate") (Hood, C.J.).

Of course, this is not to say that all 29 affirmative defenses are legally sufficient. As Plaintiffs note, many of the affirmative defenses are, in fact, mere denials that frustrate discovery and confuse the burden of proof. For instance, Affirmative Defense No. 10 states: "Defendants did not violate 42 U.S.C. § 1983." ECF No. 10 at PageID.58. But whether Defendants violated § 1983 is part of Plaintiffs' prima facie case, not an "affirmative defense." Other affirmative defenses are simply too vague or ambiguous. Affirmative Defense No. 5 states, "The citations issued by the Township were proper." *Id.* It does not identify *which* citations were proper, or even how they

were "proper." In total, Plaintiffs challenge Affirmative Defense Nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 27, 28, and 29 as deficient.

While Rule 8(c) may allow pleading in "general terms," *Lawrence*, 182 F. App'x at 456, Defendants have no license to "clutter the docket" or "create unnecessary work" with a litany of affirmative defenses that fail to meaningfully identify the facts and law at issue.[1] *See Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008). Furthermore, by signing the Amended Answer, defense counsel "certifie[d] that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the affirmative defenses "are warranted by existing law . . . [and] the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Defenses with no good faith basis in fact or law have no place in this litigation.

Nonetheless, "[m]otions to strike are viewed with disfavor" and must be entertained with caution. *Hemlock*, 867 F.3d at 397; *see also M&C Holdings Delaware, P'ship v. Great Am. Ins. Co.*, No. 1:20-CV-121, 2021 WL 21447, at *5 (S.D. Ohio Jan. 4, 2021) ("[F]ederal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development . . . .") (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.)). At this juncture, the parties are in the best position to determine which affirmative defenses should remain and which should be withdrawn or amended. Accordingly, the parties will be directed to meet and confer regarding the affirmative defenses, conducting themselves in good faith and considering the legal sufficiency of each affirmative defense consistent with the standards outlined in this

---

[1] Identifying the relevant issues in this case would seem rather straightforward. The Complaint is barely eight-pages long and alleges two counts—both of which would appear to turn on pure questions of law. *See* ECF No. 1 at PageID.6–7.

order. After conferring, Defendants shall amend their affirmative defenses as jointly agreed by the parties, withdrawing any affirmative defenses deemed legally insufficient. If the affirmative defenses remain inadequate, this Court may consider further relief, including, but not limited to, another motion to strike.

## IV.

Notwithstanding the direction to meet and confer, several affirmative defenses fail as a matter of law and will be stricken.

Affirmative Defense No. 2 states: "Plaintiffs failed to exhaust administrative and/or state remedies." ECF No. 10 at PageID.57. Plaintiffs correctly argue that the Supreme Court has already rejected an exhaustion requirement for § 1983. *See Porter v. Nussle*, 534 U.S. 516, 523 (2002). Nonetheless, Defendants maintain that Affirmative Defense No. 2 is valid because of ongoing state litigation involving Plaintiffs and the requirement that Plaintiffs show damages. They argue, "[I]f Plaintiffs were to prevail in the other litigation, Plaintiffs would have no damages. This suit is premature until those other remedies are concluded." ECF No. 11 at PageID.62–63. Accepting Defendants' interpretation as true, Affirmative Defense No. 2 would be duplicative of Affirmative Defense No. 21, which more specifically states, "Plaintiffs have incurred no damages." ECF No. 10 at PageID.58. Accordingly, Affirmative Defense No. 2 will be stricken as it either fails as a matter of law or is redundant of Affirmative Defense No. 21.

Affirmative Defense No. 22 states: "At all times Tim Smith only acted in his official capacity, not his personal capacity." ECF No. 10 at PageID.58. However, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, even if "Mr. Smith only

acted in his official capacity," ECF No. 10 at PageID.58, he can still be sued in his personal capacity under § 1983. Affirmative Defense No. 22 will be stricken.

Affirmative Defense No. 29 states: "Defendants reserve the right, to the extent permitted by the Court Rules, pursuant to the processes therein including FRCP 15, and as permitted by this Court, to amend these affirmative defenses with any additional affirmative defenses which become known." *Id.* "[A] reservation of right seeking to preserve unknown affirmative defenses subverts Federal Rule of Procedure 15." *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011). To the extent that Affirmative Defense No. 29 reiterates Rule 15, it is impertinent or redundant. Therefore, Affirmative Defense No. 29 will be stricken.

**V.**

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Strike Defendants' Affirmative Defenses, ECF No. 9, is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Affirmative Defense Nos. 2, 22, and 29, as pled in the Amended Answer, ECF No. 10, are **STRICKEN**.

It is further **ORDERED** that the parties are **DIRECTED** to meet and confer regarding the legal sufficiency of the remaining affirmative defenses in good faith and consistent with this order.

It is further **ORDERED** that Defendants are **DIRECTED** to amend the remaining affirmative defenses in a manner jointly agreeable to the parties after meeting and conferring with Plaintiffs but **no later than February 18, 2021**. The amended affirmative defenses should be filed on the docket.

Dated: February 2, 2021                                             s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge